MERRITT, Circuit Judge,
concurring in part and dissenting in part.
Nothing in the instructions in this case puts the jury on notice concerning rules as simple as (1) which party has the burden of proof in establishing the existence of any single mitigating factor or whether collectively the mitigators outweigh the aggravators, or (2) whether unanimity is required as to the existence of one or all of the “collective mitigators,” or, finally, (3) what effect it would have on the verdict if a single juror believes without agreement from other jurors that a particular mitigator should reduce the penalty to life imprisonment without parole. In this totally confused state of affairs, a juror could think that the defendant must prove mitigators by the same standard as the prosecution must prove aggravators and that jury unanimity is required as to mitigators just as to aggravators or that a new trial is required in the absence of jury unanimity.
Although the Supreme Court has now established that the Mills doctrine does not prohibit this potential for massive confusion in the jury room as they deliberate on the need to impose the death penalty, Justice Stevens, in his concurring opinion in Smith v. Spisak, 558 U.S. -, 130 S.Ct. 676, — L.Ed.2d - (2010), after agreeing with the majority in Spisak that “Mills does not clearly establish [under AEDPA] that the instructions at issue were unconstitutional,” states: “But, in my view, our decision in Beck v. Alabama, 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980), does.” Spisak, 130 S.Ct. at 689. Justice Stevens describes the potential confusion in Ohio’s mitigation and acquittal-first instructions as follows:
The acquittal-first jury instructions used during Spisak’s penalty phase interposed before the jury the same false choice that our holding in Beck prohibits. By requiring Spisak’s jury to decide first whether the state had met its burden with respect to the death sentence, and to reach that decision unanimously, the instructions deprived the jury of a meaningful opportunity to consider the third option that was before it, namely, a life sentence. Indeed, these instructions are every bit as pernicious as those at issue in Beck because they would have led individual jurors (falsely) to believe that their failure to agree might have resulted in a new trial and that, in any event, they could not give effect to their determination that a life sentence was appropriate unless and until they had first convinced each of their peers on the jury to reject the death sentence.
Id. at 690-91. Having explained, in part, this problem of confusion in the jury room, Justice Stevens concludes as follows:
*483 Spisak and the Court of Appeals both correctly assailed the jury instructions at issue in this case, but in my view Beck provides the proper basis in clearly established federal law to conclude the instructions were unconstitutional.
It is unclear from the paragraph in the majority opinion in Spisak that mentions Justice Stevens’ concurring opinion what position the majority takes with respect to Justice Stevens’ argument that the Beck v. Alabama due process case should be used as the source for the holding that the confusing Ohio mitigation and acquittal-first instructions are unconstitutional. The majority neither explicitly accepts nor rejects his argument. Spisak, 130 S.Ct. at 684.
Justice Stevens was under the impression that the Ohio Supreme Court had changed its instructions in 1996 in State v. Brooks, 75 Ohio St.3d 148, 661 N.E.2d 1030 (1996):
Ohio no longer uses the type of jury instructions at issue in this case. In 1996, the Ohio Supreme Court instructed that “[i]n Ohio, a solitary juror may prevent a death penalty recommendation by finding that the aggravating circumstances in the case do not outweigh the mitigating factors. Jurors from this point forward should be so instructed.” State v. Brooks, 75 Ohio St.3d 148, 162, 661 N.E.2d 1030, 1042.... [T]he Ohio high court laudably improved upon the accuracy of Ohio capital jury instructions in Brooks.
Spisak, 558 U.S. at -, 130 S.Ct. at 689 n. 1. But in fact there has been no significant change in Ohio law on this subject and instructions continue to leave the burden of proof on mitigators in a state of confusion as well as the question of unanimity on mitigators and the consequences for the death penalty of juror disagreement about mitigators. The courts in Ohio are still not required to tell the jury explicitly that “in Ohio a solitary juror may prevent [the] death penalty____ Jurors from this point forward should be so instructed.” Brooks, 75 Ohio St.3d at 159— 60, 661 N.E.2d 1030. Neither are the Ohio courts required to advise the jury what happens when the jurors disagree on the weight to be given to a mitigating factor. Ohio courts are still upholding death verdicts that do not clarify the “acquittal-first,” mitigation confusion. See, e.g., State v. Gray, No. 92303, 2010 WL 320481, at *3-*4 (Ohio Ct.App. Jan. 28, 2010) (refusing to find plain error when judge only instructed jury that they must find death penalty unanimously); State v. Smith, 97 Ohio St.3d 367, 372, 780 N.E.2d 221, 229 (2002) (“Although it is advisable for courts to explicitly instruct the jury that a single juror ‘may prevent a death penalty recommendation by finding that the aggravating circumstances ... do not outweigh the mitigating factors,’ the charge as given did not create prejudicial error.” (citation omitted) (emphasis added)). It would appear that almost all of the large number of condemned prisoners on death row in Ohio are there as a result of the same basic set of instructions that Justice Stevens’ opinion labels as unconstitutional under clearly established federal law.
In light of the fact that it still remains undecided whether the petitioner Goff in this case is being condemned to death on the basis of unconstitutional jury instructions, I would first ask the parties to brief the question raised by Justice Stevens in his concurring opinion. In the absence of such briefing and consideration, I am inclined to follow Justice Stevens’ argument, which would require the issuance of the writ of habeas corpus on due process grounds using Beck as the source of the constitutional law that invalidates these highly confusing Ohio jury instructions. *484 Goff has made the argument that the Ohio instructions are completely confusing for the same reasons, and I agree with him that no one should be executed as a result of such instructions. The only question is: Can he shift his argument as a matter of form, not substance, to rely on due process under the Beck case as explained by Justice Stevens? I think we should allow Goff to unlink his argument from Mills and Spisak and state his question more broadly to include the issue as outlined by Justice Stevens, as explained above.
Except for our court’s disposition of the issue of the constitutionality of the jury instructions described above, I would concur in the other parts of the court’s opinion.